ERIE RAILROAD COMPANY, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK ET AL., RESPONDENTS.

Submitted March 20, 1919—Decided June 25, 1919.

An assessment by a municipality for benefits arising from street paving upon property used entirely for railroad purposes can only be for such benefits as may accrue to the property in such use; hence, where no special benefit to the property so used is shown, the assessment will be set aside.

On *certiorari.*

Before Justices PARKER and MINTURN.

For the prosecutor, *Cortlandt & Wayne Parker.*

For the respondents, *William J. Kearns.*

The opinion of the court was delivered by

MINTURN, J. The writ in this case removes an assessment on property of the Erie Railroad Company, situated at the northeast corner of Ogden street and Fourth avenue, in the city of Newark, consisting of a rectangular plot having a frontage of four hundred and six and fifty-four hundredths feet on Ogden street and one hundred feet on Fourth avenue, upon which is located the main tracks, a passenger station, a freight yard and house and sidings of the railroad. A portion of the yard is paved with block pavement, and the plot is entirely below the surface of the highway, being protected from the embankment by a concrete retaining wall surmounted by an iron fence, practically disconnecting it from use by way of Ogden street.

The entrance to the freight yard is on Fourth avenue, at a level of thirteen feet below the Ogden street grade, which latter street possesses no entrance to the freight yard.

The assessment was made under the provisions of chapter 217, laws 1895 (*Comp. Stat., p.* 994), as well as under the act entitled "An act to revise and amend the charter of the city of Newark," approved March 11th, 1857.

For paving Ogden street the assessment was levied at $2,-339, and $199.87 was assessed for a sidewalk thereon, which latter item represents the total cost of that work.

The paving of the street was assessed at $9 per front foot for the entire frontage, excepting the corner lot, which was assessed at sixty-five per centum of that figure.

It is contended that since the property is appropriated entirely to railroad use, an assessment based upon any other theory of beneficial ownership is erroneous.

The legal rule thus stated applicable to such a situation has been so frequently reiterated by this court that the city quite properly concedes its application in this instance, but insists that there is a benefit applicable to a distinct railroad use, which is represented by the assessment. *Erie Railroad* v. *Paterson,* 72 *N. J. L.* 83; *New York Bay Railroad Co.* v. *Newark,* 82 *Id.* 591; *Lehigh Valley Railroad* v. *Jersey City,* 81 *Id.* 290.

The divergence of view in this case arises from the practical applicability of the conceded principle to the actual situation of the *locus in quo.*

It is obvious that the paved roadway upon Ogden street supplies no new means of access, nor any improved means of access to the railroad property, which can be practically availed of, for railroad purposes. Neither the availability of the sole entrance upon Fourth avenue, nor the utilization of the freight yard, nor the houses, nor the tracks upon the property was in anywise enhanced or materially benefited by the improvement upon Ogden street, to the extent represented by this assessment. To concede that the traveling public using Ogden street, or the by-paths connecting it by a *quasi*-tacit railroad acquiescence with the freight yard, are convenienced thereby, in nowise implies a benefit to the railroad use. Nor can this supposed public convenience be construed into a practical benefit to the railroad, or an enhancement of the railroad use, so as to present the basis for an assessment, as a distinct benefit to the railroad property. *M. & E. Railroad* v. *Jersey City,* 36 *N. J. L.* 56.

The special benefit resulting from railroad use, if any, is problematical, and so remote as to be almost entirely the subject of conjecture. It cannot arise from a conceded *quasi*-public convenience, to be measured and computed as a special benefit, upon a basis of lineal measurement, as in the case of special benefits accruing to the property owner, under the ordinary tenure, and, presumably, resulting in an enhancement of market value, but must arise out of the peculiar enhancement of the railroad use as a distinct and peculiar *quasi*-public use under the decisions to which we have adverted.

Were the situation such as was presented in *Erie Railroad Co.* v. *Passaic,* 91 *N. J. L.* 504, where the means of ingress and egress to the *locus in quo* were distinctly in evidence, as a result of the improvement, the rule there applied would be equally applicable here, but the distinction is so obvious that the case *sub judice* presents no parallel.

It is also apparent, for the reasons stated, that the assessment for the sidewalk is without legal warrant, for, in that aspect of the situation, the rule of railroad use and benefit must be equally present as the one basis for the assessment. *Lehigh Valley Railroad* v. *Dover,* 80 *N. J. L.* 63.

Superadded to this objection is the absence of compliance with the statutory requirement (*Pamph. L.* 1895, *p.* 407; *Comp. Stat., p.* 994) of distinct public notice by advertisement of the proposed improvement. *Landis* v. *Vineland,* 60 *N. J. L.* 264; *Locker* v. *South Amboy,* 62 *Id.* 197.

These considerations must result in setting aside both assessments, with costs.